IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMONI YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| PLS FINANCIAL DBA PLS CHECK CASHING | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **COMPLAINT**

NOW COMES Plaintiff Emoni Young, by and through its attorney, Rodney A. Brown, complaining of PLS Financial Services dba PLS Check Cashing for violations of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e, et seq. ("Title VII"). and in support thereof, states the following:

## **PARTIES**

1.      Plaintiff Emoni Young files this Complaint under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII").

2.      Defendant, PLS Financial Services dba PLS Check Cashing (PLS) is a corporation incorporated under the laws of the State of Illinois.

## **STATEMENT OF JURISDICTION AND VENUE**

3.      This Court has jurisdiction of the action under 42 U.S.C. § 2000e-5(t) and 28 U.S.C. § 1345.  Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §

1

1391(b) because it is where a substantial part of the events or omissions giving rise to the cause of action herein occurred.

4.    The Equal Employment Opportunity Commission ("EEOC") received a timely charge filed by Plaintiff on or about August 18, 2022.

5.    The EEOC investigated the charge, and issued a right to sue letter to Plaintiff Young on September 6, 2023.

6.    All conditions precedent to the filing of the suit have been performed or have occurred.

## BACKGROUND AND PROCEDURAL HISTORY

7.    Plaintiff Young was hired by PLS as a customer service representative in February 2022.

8.    While employed as a part-time maintenance worker, Plaintiff Young was directly supervised by Martha Torres, who reported to "Alex."

9.    Soon after being hired, Plaintiff Young noticed there were very few other African Americans employed at PLS.

10.    On or about February 2022 to June 2022, Plaintiff Young was discriminated against and harassed based on her race by coworkers and supervisors. Based on Plaintiff Young's information and belief, the discrimination and harassment were regular and routine.  For example, Manager Torres blanketly said the n-word towards Plaintiff Young in front of other coworkers on June 2, 2022, and other occasions.

11.     On or about February 2022 to June 2022, Plaintiff Young began to experience other forms of discrimination based on her gender.  For example, on June 29, 2022, a co-worker sent a picture of his naked private parts to Plaintiff Young's cell phone.  Based on Plaintiff Young's information and belief, the discrimination and harassment were regular and routine.

2

12.     Despite repeated complaints by Plaintiff Young, PLS supervisors failed to sufficiently investigate the allegations and failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment.

13.     After Plaintiff Young complained about race and gender harassment to PLS supervisors in late June 2022, the supervisors at PLS continued to harass Plaintiff Young and create problems for Plaintiff Young both while at work and away from work.  For example, the supervisor "Alex," began to single out Plaintiff Young for pretextual work violations and call her personal cell phone number during her days off from work, falsely claiming she should be present at work.  This harassment caused Plaintiff Young to stress out and lose sleep, and ultimately, to decide to leave her employment with PLS.

14.     Based on Plaintiff Young's information and belief, Plaintiff Young and similarly-situated employees suffered emotional distress as a result of the ongoing discrimination, harassment, and retaliation which they endured while employed by PLS.

## COMPLAINT 1 - HOSTILE WORK ENVIRONMENT

15.     Plaintiff Young incorporates herein for all purposes the above-paragraphs 7-14.

16.     Plaintiff Young and similarly-situated employees were discriminated against and harassed based on race and gender by supervisors and coworkers.

17.     The discriminatory statements and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Plaintiff Young and similarly-situated employees, were viewed as subjectively hostile and abusive by Plaintiff Young and similarly-situated employees, and would be viewed as objectively hostile and abusive to a reasonable person.

18.     Plaintiff Young and similarly-situated employees complained numerous times to PLS supervisors about the discrimination and harassment, and PLS had actual or constructive knowledge of the ongoing discrimination and harassment.

19.     PLS failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Plaintiff Young and similarly-situated employees.

20.     PLS discriminated against Plaintiff Young and similarly-situated employees on the basis of race and gender in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

## COMPLAINT 2 - RETALIATION

21.     Plaintiff Young incorporates herein for all purposes the above-paragraphs 7-14.

22.     Plaintiff Young engaged in protected activity when she complained about discrimination and harassment based on race and gender.

23.     In retaliation for Plaintiff Young's complaints, PLS managers began to single out Plaintiff Young for pretextual work violations and call her personal cell phone number during her days off from work, falsely claiming she should be present at work.

24.     There was a causal connection between Plaintiff Young's complaints and the materially adverse actions taken against Plaintiff Young by PLS.

25.     The retaliation endured by Plaintiff Young would dissuade a reasonable employee from making complaints of discrimination and harassment.

26.     PLS retaliated against Plaintiff Young for engaging in protected activity in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Young prays that the Court grant the following relief:

4

1. Award compensatory damages to Plaintiff Young  and similarly-situated employees to fully compensate them for their injuries caused by Defendant PLS' discriminatory, harassing, and retaliatory conduct, pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and

2. Award such additional relief as justice may require, together with the Plaintiff's costs in this action.

Respectfully submitted,

The R.A. Brown Legal Group

*/s/Rodney A. Brown*
Rodney A. Brown
Atty ID No. 357597
Texas SBN: 24029328
13201 Northwest Freeway, Suite 702
Houston, TX 77040
Tel. (281) 974-3538
Fax. (281) 974-3518
Email: service@rabrownllc.com
Attorney for Plaintiff

5